ACCEPTED
01-14-00904-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/28/2015 2:31:10 PM
CHRISTOPHER PRINE
CLERK

## CASE NO. 01-14-00904-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/28/2015 2:31:10 PM
CHRISTOPHER A. PRINE
Clerk

GRAMERCY ADVISORS LLC, GRAMERCY ASSET MANAGEMENT, LLC, GRAMERCY LOCAL MARKETS RECOVERY FUND LLC and GRAMERCY FINANCIAL SERVICES, LLC

*Appellants*

v.

R.K. LOWRY, JR., L-FALLING CREEK LLC, RUSSELL A. CHABAUD, R-RAC WIMBLEDON, LLC, JOHN P. MOFFITT, J-JASON LLC, RUSSELL A. CHABAUD, TRUSTEE OF THE RUSSELL G. CHABAUD 1999 INVESTMENT TRUST, R-ASHLEY WIMBLEDON, LLC, RUSSELL A. CHABAUD, TRUSTEE OF THE AUDRY CHABAUD 1999 INVESTMENT TRUST, R-AUDREY WIMBLEDON, LLC, LMC RECOVERY FUND, LLC, UNION GAS FUNDING I, L.P., RANA HOLDINGS, LLC, WESTY I LLC, AND MOGI, LLC,

*Appellees.*

Appeal From The District Court of Harris County
80th District Court
Trial Cause No. 2008-74262

## THIRD UNOPPOSED MOTION TO EXTEND TIME TO FILE APPELLANTS' BRIEF OR, ALTERNATIVELY, TO ENTER AN ORDER GRANTING THE PARTIES ACCESS TO THE RECORD, BY APPELLANTS GRAMERCY ADVISORS LLC, GRAMERCY ASSET MANAGEMENT, LLC, GRAMERCY LOCAL MARKETS RECOVERY FUND LLC and GRAMERCY FINANCIAL SERVICES, LLC

MHDocs 5922504_1 10862.1

TO THE HONORABLE FIRST COURT OF APPEALS:

Pursuant to Texas Rules of Appellate Procedure 38.6(d) and 10.5(b), Appellants Gramercy Advisors LLC, Gramercy Asset Management, LLC, Gramercy Local Markets Recovery Fund LLC and Gramercy Financial Services, LLC (collectively, "Gramercy") submit this unopposed motion to extend the time for filing their appellate brief in this matter.

1.     The deadline for Gramercy to file its brief is currently February 2, 2015.

2.     Gramercy respectfully requests a 7-day extension of time, until February 9, 2015, to file its appellate brief. In the alternative, Gramercy respectfully requests this Court enter an order permitting the parties to access copies of the Clerk's Record and the Reporter's Record (collectively, the "Record").

3.     Gramercy requests this third extension or, in the alternative, an order granting the parties' access to the Record because the parties still have not been able to obtain a copy of the Record for reasons beyond Gramercy's control. The Record was filed in this Court under seal pursuant to the 80th District Court's Sealing Order dated June 20, 2014, which was drafted and filed by the Appellees. Gramercy's request for a copy of the Record was denied because no Order or other similar instrument authorizes release of the Record to any of the parties. The

2

MHDocs 5922504_1 10862.1

parties need a copy of the Record so they can properly prepare citations in their respective appellate briefs.

4.  To obtain a copy of the Record, the parties are required to (1) file an agreed request and order with the 80th District Court; (2) once that order is signed, request the Harris County District Clerk to supplement its record; and (3), request a copy of the Record from this Court after it receives the supplemented record.

5.  The parties filed their Agreed Request and Agreed Proposed Order in the 80th District Court immediately after this Court granted Gramercy's Second Unopposed Motion for Extension on January 15, 2015. The following day, Gramercy's counsel called the 80th District Court's clerk to inquire about when the order would be signed and informed him why the parties needed a signed copy of the order to be swiftly posted for the Harris County District Clerk's access. The clerk explained that the 80th District Court would not sign the order on January 16, 2015, but would likely sign the order sometime after the Martin Luther King holiday weekend. Gramercy's counsel called the 80th District Court's clerk again on each of January 20, 21, and 22 of 2015 to reiterate the parties' need to quickly obtain a copy of the order, but the clerk continued to tell Gramercy the order had not been signed and to call back the following day. On January 23, 2015, Gramercy's counsel again called the 80th District Court's clerk, but this time the clerk informed Gramercy that the 80th District Court signed the order. However,

MHDocs 5922504_1 10862.1

the clerk also informed Gramercy's counsel that the order had not been posted for the Harris County District Clerk yet but would be soon. Gramercy's counsel has been constantly monitoring Harris County District Clerk's website in anticipation of the order being posted. Gramercy's counsel called the District Clerk's office on January 27, 2015, and the District Clerk's office informed Gramercy that the order has not yet been scanned in by the 80th District Court. As of January 28, 2015, the signed order is still not available. Despite Gramercy's immediate action to begin this process and its daily persistence to move it along, the parties still do not have access to the order this Court needs to release copies of the Record.

6.     A third extension of time is necessary because the parties will not be able to thoroughly brief the issues before this Court without a copy of the Record. A third extension of time is warranted because Gramercy diligently attempted to provide this Court with authorization to release the Record but has been unable to at no fault of its own. Gramercy has requested only two time extensions in this matter, which this Court granted. Furthermore, this extension is not sought for the purpose of delay, but so that Gramercy can thoroughly and properly brief the issues before the Court.

7.     In the alternative, Gramercy requests this Court enter an order granting the parties access to copies of the Record if this Court deems such relief appropriate and within this Court's jurisdictional powers. The Appellees drafted

4

and filed a Sealing Order that did not contain language permitting Gramercy access to the Record for purposes of this appeal. The parties never intended to lock themselves out of accessing their own Record on appeal. In addition to effectuating the parties' intent, this Court should enter such an order to prevent any further delay.

8.     Appellees' counsel does not object to the relief sought herein.

FOR THE FOREGOING REASONS, Gramercy respectfully requests that this Court grant a 7-day extension of time, extending Gramercy's deadline until February 9, 2015, or, alternatively, order that the parties be granted access to the Record and grant such other and further relief as it shall deem just and proper.

Respectfully submitted,

By: David C. Mattka

MHDocs 5922504_1 10862.1

David C. Mattka (TSB No. 13231500)
MUNSCH HARDT KOPF & HARR, P.C.
401 Congress Avenue, Suite 3050
Austin, Texas 78701
(512) 391-6100 (telephone)
(512) 391-6149 (facsimile)
E-mail: dmattka@munsch.com

Daniel M. Hibshoosh (*pro hac vice*, pending)
O'SHEA PARTNERS LLP
521 Fifth Avenue
25th Floor
New York, New York 10175
Tel: (212) 682-4426
Fax: (212) 682-4437
E-mail: dhibshoosh@osheapartners.com

MHDocs 5922504_1 10862.1

## CERTIFICATE OF CONFERENCE

I certify that I conferred via e-mail correspondence with W. Ralph Canada, Jr., lead counsel for Appellees, on January 28, 2015, and that Appellees do not oppose this Third Unopposed Motion to Extend Time to File Appellants' Brief.

_____
Christopher M. Jordan (TSB No. 24087817)

## CERTIFICATE OF SERVICE

As required by Texas rule of Appellate Procedure 6.3 and 9.5, I hereby certify that on January 28, 2015, I served this document via e-filing and e-mail on the following:

W. Ralph Canada, Jr.
ralphc@lfdlaw.com
David R. Deary
davidd@lfdlaw.com
Wilson Wray
wilsonw@lfdlaw.com
Tyler Simpson
tylers@lfdlaw.com
Loewinsohn Flegel Deary, LLP
12377 Merit Drive, Suite 900
Dallas, Texas 75251
*Attorneys for Appellees*

_____
David C. Mattka

7